UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-08225-CBM-SK | Date: September 25, 2025 |
| Title Mario A. Haney v. Sgt. G. Balbuena, et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

In June 2025, Defendant Balbuena moved to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted. (ECF 27). Plaintiff's opposition to that motion was thus due by the end of July 2025. (ECF 28). Yet Plaintiff filed no timely opposition, nor did he request an extension of time to do so. What's more, two of the Court's orders were returned as undeliverable in the meantime. (ECF 31, 32). Even then, Plaintiff never timely informed the Court of any change in his address of record as required by Local Rule 41-6. As a result, Plaintiff was ordered to show cause in August 2025 why this action should not be dismissed for failure to prosecute, failure to oppose the pending motion to dismiss, and failure to comply with the Court's orders and rules. (ECF 33). Plaintiff was offered the chance to discharge that show-cause order, however, simply by filing an opposition to Defendant Balbuena's motion to dismiss by no later than September 9, 2025.

Instead of doing that, though, Plaintiff constructively filed a "letter" on or about September 8, 2025, explaining his prison transfers since filing the complaint and professing to oppose the motion to dismiss. (ECF 35). But that letter neither addressed the grounds for dismissal asserted in the motion (discussing instead administrative exhaustion even though that is not an asserted basis for dismissal), nor did it ask for additional time to file a more complete—and responsive—opposition to the motion to dismiss on its merits. For this and the other reasons discussed above, Plaintiff may thus be deemed—at the very least—to have consented to the dismissal of Defendant Balbuena from this case. *See* Local Rules 7-12, 41-1, 41-6. Besides, as the motion notes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:24-cv-08225-CBM-SK | Date: September 25, 2025 |
| Title   Mario A. Haney v. Sgt. G. Balbuena, et al. | |

Plaintiff's complaint otherwise alleges enough facts to state a claim for relief against Defendant Torres.  (ECF 27 at 7).  So Defendant Balbuena's presence in this case is not even necessary for Plaintiff to proceed to discovery with his colorable claim against Defendant Torres.

For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE in writing **by no later than October 15, 2025** why this entire action—including as against Defendant Torres—should not be involuntarily dismissed for lack of prosecution and noncompliance with Court orders.  *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.  Plaintiff may discharge this show-cause order by doing one of the following things:

1. Sign and return the attached form CV-09x voluntarily dismissing Defendant Balbuena <u>only</u>, in which case Defendant Torres will be ordered to answer Plaintiff's complaint followed by the Court's entry of a scheduling order setting pretrial deadlines—including for fact discovery.

2. File an opposition to Defendant Balbuena's motion to dismiss, with the understanding that Defendant Torres' answer—and the Court's entry of a scheduling order—will be delayed until after Defendant Balbuena files a reply in support of his motion and this Court decides the motion on its merits.

3. File a short letter voluntarily dismissing this entire action without prejudice if Plaintiff no longer wishes to pursue this action for any reason.

Otherwise, Plaintiff is warned that failure to timely respond as ordered here will lead to involuntary dismissal of this entire action—with or without prejudice and with no further notice or warning.

IT IS SO ORDERED.